IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

WILLIE FRANK QUARTERMAN,

        Petitioner,

v.                                     Case No. 5:18-cv-01461

WARDEN D.L. YOUNG,
FCI Beckley,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's requests for dismissal. (ECF Nos. 10, 11, 15). This matter is assigned to the Honorable Frank W. Volk, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly considered the record, the undersigned determines that Petitioner is clearly not entitled to relief; therefore, the undersigned respectfully **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's requests for dismissal, (ECF No. 10, 11, 15), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

## I.      Relevant History

On March 31, 1997, Petitioner, Willie Frank Quarterman ("Petitioner"), was arrested by state law enforcement agents in Chatham County, Georgia for numerous alleged violations of state law. (ECF No. 11-1 at 3). Petitioner pled guilty to three criminal counts and was sentenced on August 25, 1997, in the Superior Court of Treutlen County, Georgia. (*Id.* at 8). Petitioner received a 5-year term of imprisonment for Count Two, theft by receiving stolen property; 60 days imprisonment for Count Four, speeding; and 12 months imprisonment for Count Five, driving on a suspended license. (*Id.*). The terms were set to run concurrently. (*Id.*). Petitioner arrived at a Georgia Department of Corrections ("GDOC") facility to begin serving his sentences on October 9, 1997. (*Id.* at 13).

On November 6, 1998, Petitioner and nine co-defendants were indicted in the United States District Court for the Southern District of Georgia ("District Court") for violations of federal controlled substance laws. *United States v. Quarterman Jr.*, No. 4:98-cr-00141-WTM-9 (S.D. Ga. Nov. 6, 1998) at ECF No. 3. Petitioner was taken into federal custody pursuant to a writ of *habeas corpus ad prosequendum* on January 19, 1999. *Id.* at ECF No. 6. On April 28, 1999, the District Court entered an Order directing that Petitioner be released from federal custody in order to enter a guilty plea in the Superior Court of Chatham County, Georgia and be returned to federal detention at the conclusion of the state proceedings. *Id.* at ECF No. 145.

On May 3, 1999, Petitioner was sentenced in the Superior Court of Chatham County, Georgia ("Superior Court") for a multitude of additional state crimes to which he entered guilty pleas. (ECF No. 11-1 at 15-17). In Criminal Action No. CR97-0983-BA, Petitioner received a sentence of 15-years imprisonment for Count One, child

molestation; and a sentence of 15-years imprisonment for Count Two, rape. The sentences were set to run concurrently. (*Id.* at 15). In Criminal Action No. CR97-1301-BA, Petitioner was sentenced to 10 years in prison on Count One, possession of a controlled substance with intent to distribute; 12 months imprisonment on Count Two, possession of marijuana; 12 months imprisonment on Count Three, obstruction; 5 years in prison on Count Four, theft by receiving stolen property; and 5 years imprisonment on Count Five, possession of a firearm by a convicted felon. (*Id.* at 16). These sentences were set to run concurrently with one another as well as with all other sentences. (*Id.*). Finally, in Criminal Case No. CR99-0743-BA, Petitioner received a sentence of 5 years imprisonment on Count One, aggravated sexual battery. (*Id.* at 17). This sentence was designated to run concurrently with all other sentences imposed. (*Id.*).

On May 24, 1999, Willie entered a guilty plea in the District Court, admitting he was guilty of one count of illegally distributing cocaine. He was sentenced to 151 months in prison and three years of supervised release. *Quarterman*, No. 4:98-cr-00141-WTM-9 at ECF Nos. 151, 156; (ECF No. 11-1 at 38). The sentence was set to run consecutively to any sentence that Petitioner was then presently serving. *Id.* at ECF No. 156. Petitioner was released from the custody of the United States Marshals Service on May 26, 1999. (ECF No. 11-1 at 35).

On December 20, 1999, the Superior Court entered an Amended Sentencing Order related to Petitioner's state sentence. (*Id.* at 28). The order directed that Petitioner be given credit for time served in prison since March 31, 1997. The Superior Court stated that all other provisions of the sentences imposed were to remain in effect. (*Id.*).

On June 24, 2008, Petitioner was released from the custody of the GDOC and began serving his federal sentence. (*Id*. at 13, 21, 35). Petitioner filed several § 2255 petitions while in federal custody, seeking to invoke new rules of law announced by the Supreme Court of the United States. These motion were denied by the District Court. *Quarterman*, No. 4:98-cr-00141-WTM-9 at ECF Nos. 324, 328.

On November 21, 2018, Petitioner submitted the instant § 2241 petition. (ECF No. 1). Petitioner asserts that he was "not given full credit for time served in State Prison as Ordered by Judge's Sentencing Order." (*Id*. at 6). Petitioner states that during the following dates: "10/9/97-3/24/98; 4/01/98-12/29/98; 1/06/99-1/15/99; 5/27/99-1/18/01," he was "in State custody without custody." (*Id*.).

Respondent submitted a Response and an Amended Response on April 17, 2019. (ECF Nos. 10, 11). In the Amended Response, Respondent contends that Petitioner is not entitled to the relief he seeks because "at all times for which Petitioner is seeking credit towards his federal sentence, he was incarcerated and receiving credit towards his Georgia state sentences." (ECF No. 11 at 5). Respondent accordingly requests that Petitioner's § 2241 petition be dismissed. (*Id*.).

In support of his request for dismissal, Respondent supplied an Affidavit from Jan Stopps, who is employed by the Bureau of Prisons ("BOP") as a Correctional Programs Specialist at the Designation and Sentence Computation Center located in Grand Prairie, Texas. (ECF No. 11-1 at 2). Ms. Stopps affirms that Petitioner's federal sentence commenced on June 24, 2008, and that he "was in continuous custody of the state of Georgia and received credit towards his state sentences from October 9, 1997 through the termination of his state sentences on June 24, 2008." (*Id*. at 4). In addition to numerous GDOC records and court documents, Respondent supplied an e-mail

4

exchange between Ms. Stopps and Victoria Borrero, a Computation Coordinator employed by the GDOC. (*Id.* at 23-26). Ms. Borrero confirmed that Petitioner had been in the custody of the GDOC from October 9, 1997 until his release on June 24, 2008, and that, furthermore, he had received credit against his state sentence for the dates of March 31, 1997 to October 9, 1997. (*Id.*). Ms. Stopps supplied Petitioner's projected release date which was, at the time of submission, July 1, 2019. (*Id.* at 4).

Petitioner submitted a Response to Motion to Dismiss on May 3, 2019. (ECF No. 13). Petitioner asserts that his state sentences were incorrectly calculated, contending that his "Truetlen [sic] County case should have been credited to the Chatham County case." (*Id.* at 1). Petitioner believes that, because he was sentenced to a "maximum term of 10 years in prison" on all of his sentences, had this been done, he would have been released from state prison on March 28, 2007. (*Id.* at 1-2). Petitioner states that the 15-year sentence he received on May 3, 1999 was a "split[-]sentence" in which 5 of the 15 years were to be served on probation after release from prison. (*Id.* at 2). Petitioner concludes that because of this error he has "endured this manifest of injustice and violation of his due process and equal protection [rights]." For relief, Petitioner requests that this Court "show justice as our forefathers intended." (*Id.*).

On July 30, 2019, Petitioner submitted a Notice of Change of Address, reflecting that he was now residing in Savannah, Georgia. (ECF No. 14). On September 19, 2019, Respondent filed a Second Amended Response to Order to Show Cause. (ECF No. 15). Respondent asserts that Petitioner's § 2241 petition has been rendered moot as he was released from federal custody on July 1, 2019. (*Id.* at 1). Respondent attached a printout from the BOP inmate locator website indicating that Petitioner was released on July 1, 2019. (ECF No. 15-1).

On September 20, 2019, the undersigned entered an Order informing Petitioner that he had a right to reply to the Second Amended Response, and granting him 60 days to do so. (ECF No. 16 at 1). Petitioner did not submit any response to Respondent's assertion that his case has been rendered moot by his release from custody.

## II.    **Standards of Review**

Although Respondent does not state under which rules he brings the requests for dismissal, given the stage of the proceedings and nature of the arguments presented, they are best understood as motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(c). Because Respondent filed a Response concurrently with his first request for dismissal, the motion should be considered as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, the distinction makes no practical difference as the same standard of review applies to motions to dismiss under Rule 12(b)(6) and motions for judgment on the pleadings under Rule 12(c), and both motions may be filed in habeas actions. *Id.* at 138-39; *see also Martin v. U.S. Parole Comm'n*, No. CV PWG-17-3335, 2018 WL 2135009, at *1 (D. Md. May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations of the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for

judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, the court may consider "matters of public record," including documents from prior or pending court proceedings, when resolving the motion, without converting it into a motion for summary judgment. *Id.* The Court "may also consider documents attached to the complaint … as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

As to the request for dismissal contained in Respondent's Second Amended Response, a motion under Rule 12(b)(1) challenges a court's subject matter jurisdiction over the pending dispute. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can be presented in two ways. First, the movant may contend that "a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Adams*, 697 F.2d at 1219. When presented with this contention, the court assumes that the allegations in the complaint are true and affords the plaintiff the same procedural protection he would receive under Rule 12(b)(6). *Id.* Second, the movant may raise a factual attack against the complaint, alleging that the jurisdictional allegations of the complaint are not true. *Id.* Then, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams*, 697 F.2d at 1219). The burden of proving that a court has subject matter jurisdiction rests with the petitioner, as he is the party asserting it. *Johnson v. N. Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court

should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness generally deprives a federal court of jurisdiction under Article III of the United States Constitution. *See Justice v. Acosta*, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); *see also Estate of Peeples v. Barnwell Cty. Hosp.*, No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over Petitioner's petition, alleging that subsequent developments have removed the factual basis for jurisdiction. As such, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *See L.K. ex rel. Henderson v. N. Carolina State Bd. of Educ.*, No. 5:08-CV-85-BR, 2011 WL 861181, at *4 (E.D.N.C. Feb. 18, 2011), *report and recommendation adopted*, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011).

## III.   Discussion

### 1. The petition is moot

As a prerequisite to the exercise of federal jurisdiction, the complaint before the court must present an actual case or justiciable controversy. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983). "The requisite personal interest that must

exist at the commencement of the litigation … must continue throughout its existence." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Action by a defendant that simply accords all the relief demanded by the plaintiff may moot an action." *W. Virginia Highlands Conservancy v. Norton*, 161 F. Supp. 2d 676, 679 (S.D.W. Va. 2001) (citing 13A Federal Practice and Procedure § 3533.2). A case becomes moot, and accordingly no longer falls within the court's subject matter jurisdiction, when it is "impossible for a court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not necessarily deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir.2007). Therefore, when a federal prisoner files a habeas corpus petition seeking injunctive relief from a sentence, his release from custody may render the petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the petition challenges collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v.*

9

*LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149 (1975)).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recently clarified the extent to which release from custody will moot a challenge to a sentence. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018). In that case, the defendant challenged his sentence on appeal as procedurally and substantively unreasonable. *Id.* The United States argued that, because the defendant had served his custodial term of incarceration, his claim was moot, notwithstanding that he continued to serve a term of supervised release. *Id.* at 65. The Fourth Circuit rejected this contention, finding that the custodial term and the term of supervised release presented a "unitary" sentence, and "a challenge to that sentence presents a live controversy, even though [the defendant] has served the custodial portion of that sentence." *Id.* The Fourth Circuit explained that "[a]lthough the underlying prison

sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because on remand a district court *could* grant relief to the prevailing party in the form of a shorter period of supervised release." *Id*. at 66.

In this case, neither exception applies. While Petitioner is currently serving a term of supervised release, (ECF No. 11-1 at 40), this collateral consequence is insufficient to sustain Petitioner's habeas petition given the nature of the claim raised and the relief he requests. Petitioner does not challenge his convictions, *or raise a substantive challenge to the legality of his sentences*; rather, he brings this petition to challenge the BOP's allegedly improper calculation of his sentence due to its failure to award him prior custody credit. (ECF No. 1 at 6). Petitioner does not specifically state what relief he requests in the petition, but given the nature of the claim, it is apparent he wishes to have the allegedly uncredited time spent in custody credited toward his sentence. Petitioner has, however, since been released from custody. (ECF No. 15-1). An order directing the BOP to recalculate Petitioner's sentence, and grant him credit for the time he spent in custody, could have no effect on Petitioner's sentence as it has already been served.

"Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant." *Maultsby v. Rickard*, No. 1:17-CV-04612, 2018 WL 4289648, at *2 (S.D.W. Va. June 29, 2018), *report and recommendation adopted*, No. CV 1:17-04612, 2018 WL 4291740 (S.D.W. Va. Sept. 6, 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Following the decision in *Ketter,* courts have continued to find moot habeas petitions which raise challenges to the execution, rather than the imposition, of a sentence when the petitioner has been released from custody. *See, e.g., Jennings v. Andrews,* No. 5:19-

HC-2029-BO, 2019 WL 6211268, at *2 (E.D.N.C. Nov. 20, 2019) (petitioner's claims challenging calculation of sentence were rendered moot by release from custody while substantive claims were not); *Sneed v. Joyner,* No. 518-cv-02448-DCC-KDW, 2019 WL 2090849, at *2 (D.S.C. Mar. 19, 2019), *report and recommendation adopted*, No. 5:18-CV-02448-DCC, 2019 WL 2089544 (D.S.C. May 13, 2019) ("Petitioner has received the relief he seeks in the 28 U.S.C. § 2241 Petition under review: to be released. Accordingly, his Petition may be dismissed without prejudice as moot."); *Dickerson v. Fed. Bureau of Prisons*, No. 5:10-CV-01363, 2013 WL 6388738, at *2 (S.D.W. Va. Dec. 6, 2013) (the petitioner's assertion he was entitled to prior custody credit for state custody was rendered moot by release).

Petitioner's challenge to the calculation of his sentence cannot serve as a basis to maintain his petition despite his release from custody because, even assuming his argument that the BOP incorrectly calculated his release date is correct, this would have no effect on Petitioner's term of supervised release. *See United States. v. Johnson*, 529 U.S. 53 59, (2000) (holding that additional time served due to errors in the calculation of a term of imprisonment cannot be offset against the remaining term of supervised release); *see also Maxey v. Warden, FCI Petersburg*, No. 1:09CV443LMB/TCB, 2010 WL 1703731, at *2 (E.D. Va. Apr. 26, 2010) ("Even if [the petitioner's] claim were meritorious and he actually served more time in custody than he should have due to BOP miscalculations, excess prison time cannot offset and reduce a term of supervised release."); *Martin v. Belleou*, No. 5:05-CV-00609, 2008 WL 3539741, at *2 (S.D.W. Va. Aug. 12, 2008) (supervised term of release could not be reduced due to alleged error in calculation of good time credits, rendering petition mooted by release).

The second exception, regarding challenged actions which are capable of repetition yet evading review, likewise is not applicable. As Petitioner has been released from custody, "there is no reasonable expectation that [he] will be incarcerated again and face the same set of circumstances in the future." *Maultsby*, No. 1:17-CV-04612, 2018 WL 4289648, at *2. Due to Petitioner's release from custody, his claim that the BOP erred in  calculating his release date is moot, given that, even if his argument is correct, there would be no effect on his term of supervised release and the only relief which Petitioner could be granted, release from prison, he has already received.[1] As there is no further relief which this Court can grant based on this petition, the undersigned **FINDS** that Petitioner's § 2241 petition is moot.

### 2. Petitioner received credit for the time in custody

*i.) The dates complained of were credited to Petitioner's state sentence*

Even assuming that Petitioner's claim was not mooted by his release, he would not be able to proceed on the merits. Petitioner asserted in his petition that time he had spent in state custody, spanning from October 9, 1997 to January 18, 2001, was never credited against any sentence. (ECF No. 1 at 6). Respondent asserts that all of the time spent in custody, which Petitioner asserts was not credited toward any sentence, was credited toward his state sentences. Respondent attaches an affidavit and a number of documents in support of his contention. (ECF. No. 11 at 4-5). Petitioner has not disputed the authenticity of the affidavit or the supporting documents.

---

[1] In Petitioner's response to Respondent's request for dismissal, he argues that it was in fact his state sentences which were incorrectly executed, resulting in his state prison sentence extending a year beyond what the release date should have been. (ECF No. 13 at 1-2). Given the fact that Petitioner has been released from both federal and state custody, these claims are also moot.

A defendant convicted of a federal crime has a right under 18 U.S.C. § 3585(b) to receive credit for certain time spent in official detention before his sentence begins. Specifically, § 3585(b) provides that:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C.A. § 3585(b) (emphasis added). According to the Supreme Court of the United States, through this directive, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). The authority to compute federal terms of imprisonment and to provide credit for time served is delegated to the Attorney General, as exercised through the BOP. *See id.* at 334–35. A district court "may correct an error by the BOP through a writ of habeas corpus where that error is fundamental and carries a serious potential for a miscarriage of justice." *Rashid v. Quintana*, 372 Fed.Appx. 260, 262 (3rd Cir. 2010). In addressing any sentencing computation issue, a district court must consider: "(1) when the sentence commenced and (2) the extent to which the defendant may be entitled to credit for time spent in custody prior to commencement of the sentence." *Monroig v. Craig*, No. CIV.A. 5:08-CV-00058, 2010 WL 890974, at *3 (S.D.W. Va. Mar. 10, 2010) (citing *Chambers v. Holland*, 920 F.Supp. 618, 621 (M.D. Pa. 1996), *aff'd*, 100 F.3d 946 (3d Cir. 1996)).

A sentence for a term of imprisonment "commences on the date the defendant

is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). This provision does not include time spent in custody prior to sentencing, because a federal sentence may not commence earlier than the date of imposition. *See Allison v. Cruz*, No. CV 0:15-221-CMC-PJG, 2015 WL 9872260, at *4 (D.S.C. Dec. 2, 2015), *report and recommendation adopted*, No. 0:15-221-CMC-PJG, 2016 WL 234998 (D.S.C. Jan. 19, 2016) (citing *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006)) ("[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.").

Petitioner was convicted and sentenced on his federal charge while in state custody. When a federal court sentences a defendant who is in state custody and is borrowed by federal authorities to dispose of federal charges pursuant to a writ *ad prosequendum*, the inmate's federal sentence generally does not commence until the inmate fully discharges the state sentence and is transferred to federal custody. *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir.1992). Petitioner was arrested by Georgia State authorities on March 31, 1997. (ECF No. 11-1 at 3). The State of Georgia thus obtained primary jurisdiction over Petitioner.

"The concept of primary jurisdiction refers to 'the priority of service regarding a defendant's contemporaneous obligations to multiple sovereigns, whereby a defendant will fulfill his obligations to the sovereign with primary jurisdiction over him before any others.'" *Carter v. Flets*, No. 5:05-CV-00708, 2008 WL 3457032, at *6 (S.D.W. Va. Aug. 11, 2008) (quoting *Trowell v. Beeler*, 135 F. App'x 590, 594 n.2 (4th Cir. 2005)). "When a defendant has both state and federal charges, the sovereign that first arrests the defendant is the sovereign that obtains primary jurisdiction over him

or her, and that sovereign retains primary jurisdiction until it is relinquished." *Ivy v. Stewart*, No. CV PX-17-816, 2017 WL 6388743, at *5 (D. Md. Dec. 14, 2017) (citing *Whalen*, 962 F.2d at 361). When a prisoner is in state custody, primary jurisdiction is not relinquished merely because a defendant is taken by federal authorities on a writ of detainer. *Carter,* No. 5:05-CV-00708, 2008 WL 3457032, at *6. "The federal writ of *habeas corpus ad prosequendum* merely loans the prisoner to federal authorities .... Principles of comity require that when the writ of *habeas corpus ad prosequendum* is satisfied, the receiving sovereign return the prisoner to the sending sovereign." *United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998) (internal citation omitted). "The time the defendant appears for prosecution of federal charges pursuant to an *ad prosequendum* writ is credited, therefore, against the defendant's State sentence, not his federal sentence." *Carter,* No. 5:05-CV-00708, 2008 WL 3457032, at *6.

Petitioner did not explain the basis for his charge that the time he refers to was not credited against any sentence. The affidavit from Ms. Stopps and documents supplied by Respondent in support demonstrate that all the time Petitioner spent in state custody prior to the commencement of his federal sentence was credited against his state sentence. (ECF No. 11-1 at 13, 23). Petitioner provided no evidence in support of his conclusory statement that the time he spent in state custody was improperly calculated, and did not dispute the documents provided by Respondent. Accordingly, his claim that he was denied credit for the time spent in state custody is without merit. *See Ivy v. Joyner*, No. CV 9:18-2158-HMH-BM, 2019 WL 540509, at *2 (D.S.C. Jan. 15, 2019), r*eport and recommendation adopted*, No. CV 9:18-2158-HMH-BM, 2019 WL 534225 (D.S.C. Feb. 11, 2019), *aff'd*, 770 F. App'x 52 (4th Cir. 2019) (citing *Smith v. North Carolina*, 528 F.2d 807, 809 (4th Cir. 1975)). Because the State of Georgia

retained primary jurisdiction over Petitioner during the pendency of his federal conviction and sentencing, and because that time was credited against his state sentence, Petitioner is not entitled to have that time credited against his federal sentence. *See Pilarte-Harrigan v. Owens*, No. C.A. 3:10-885-HMH, 2011 WL 251469, at *6 (D.S.C. Jan. 26, 2011), *aff'd*, 434 F. App'x 171 (4th Cir. 2011) ("Because [the petitioner's] detainment prior to the date on which his sentence commenced was credited toward his commonwealth sentence, the BOP properly denied [the petitioner] prior custody credit for that time."); *see also Smith v. Holland*, No. 5:17-HC-2032-FL, 2018 WL 4286182, at *2 (E.D.N.C. Sept. 7, 2018) (the petitioner was not entitled to prior custody credit for time spent in federal detention when state retained primary jurisdiction over the petitioner and time was credited against state sentence); *Morris v. Masters*, No. 1:14-CV-26283, 2017 WL 2540595, at *4 (S.D.W. Va. May 17, 2017), *report and recommendation adopted*, No. CV 1:14-26283, 2017 WL 2531578 (S.D.W. Va. June 9, 2017) (same). The undersigned accordingly **FINDS** that this claim should be dismissed.

   *ii.) Challenge to execution of state sentence*

   While Petitioner filed this § 2241 petition in federal court, and while serving a federal sentence of custody, he at times appears to challenge the execution of his state custody, from which he was released in 2008. (ECF No. 13 at 1-2). To the extent Petitioner is attempting to raise a challenge to the execution of his state sentences in this petition, he may not do so for a number of reasons. First and most fundamentally, as noted above, any such challenge would be moot due to the fact Petitioner is no longer serving any state sentence. Additionally, the Fourth Circuit has recognized that "regardless of how they are styled, federal habeas petitions of prisoners who are in

custody pursuant to the judgment of a State court should be treated as applications under section 2254 for purposes of § 2244(b), even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) (internal quotations omitted).

Accordingly, to the extent Petitioner wishes to challenge the execution of his state sentence, he would need to do so under § 2254. *Brightwell v. Warden Maryland Corr. Inst.-Jessup*, No. CV RDB-17-2229, 2019 WL 4806232, at *2 n.2 (D. Md. Oct. 1, 2019) ("Challenges to administrative rules, decisions, and procedures applied to a state sentence are challenges to the execution of a sentence and must be raised in a § 2254 petition."). As a petition properly considered under § 2254, Petitioner's challenge to the execution of his sentence is subject to the various statutory requirements imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") which governs such actions. *See Wright*, 826 F.3d at 783 ("Therefore, when a prisoner being held pursuant to the judgment of a State court files a habeas petition claiming the execution of his sentence is in violation of the Constitution, laws, or treaties of the United States, the more specific § 2254 and all associated statutory requirements shall apply, regardless of the statutory label the prisoner chooses to give his petition.") (internal quotations and citations omitted); *see also Brightwell*, No. CV RDB-17-2229, 2019 WL 4806232, at *2 (applying AEDPA's exhaustion requirement to § 2241 filed by state prisoner); *Goodman v. Pearson*, No. 1:14CV1335 (GBL/MSN), 2015 WL 13064942, at *1 (E.D. Va. Mar. 27, 2015) (applying statute of limitations); *Davis v. Campbell*, No. CV RDB-19-30, 2019 WL 4806124, at *2 (D. Md. Oct. 1, 2019) (same).

The AEDPA imposes a one-year statute of limitations on petitions filed by state prisoners seeking federal habeas relief. *See* 28 U.S.C. § 2244(d)(1). The one-year

limitation period begins to run from, as relevant here, either the date on which the judgment became final, or the date on which the claim presented could have been discovered. *Id.* Section 2244(d)(2)(A) and (D). Petitioner did not file the instant petition until November 2018. (ECF No. 1). As the improper extension of his state custody which he objects to should have been apparent since at least 2007, when he argues he should have been released from state custody, (ECF No. 13 at 2), this petition was clearly filed after the one-year period of limitations had expired. Accordingly, the undersigned **FINDS** that to the extent that this petition, filed as a § 2241 petition, should be construed as a § 2254 petition challenging the execution of Petitioner's state sentence, this claim should be dismissed.

Petitioner's challenge to the execution of his state sentence would also be subject to dismissal for failure to meet the exhaustion requirement of § 2254. Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). In order to comply with the exhaustion requirement, a petitioner must have offered the state an adequate "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation omitted). "This exhaustion requirement compels a habeas petitioner to 'invok[e] one complete round of the State's established appellate review process.'" *Sanchez v. Hunt*, No. 5:16-HC-2162-BO, 2018 WL 717003, at *2 (E.D.N.C. Feb. 5, 2018) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

Petitioner indicates that he raised a habeas challenge to the computation of his

sentence in the "Washington Co. Superior Court," which was denied. (ECF No. 1 at 3). Petitioner did not appeal the denial of this claim. (*Id.* at 4). Presumably, Petitioner is referring to the Washington County Superior Court located in Washington County, Georgia. To properly exhaust this claim, Petitioner was required to seek to appeal the adverse decision by applying for a certificate of probable cause to the Georgia Supreme Court. *See Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004); *see also Daniel v. Warden*, 783 F. App'x 1007, 1008 (11th Cir. 2019). As he did not do so, the undersigned **FINDS** that Petitioner's claim his state sentences were improperly executed is subject to dismissal due to his failure to properly exhaust this claim. Accordingly, the undersigned **FINDS** that this claim should be dismissed.

## IV.    <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED;** that Respondent's requests for dismissal, (ECF No. 10, 11, 15), be **GRANTED;** and that this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the

portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Petitioner and to counsel of record.

**FILED:**  March 11, 2020

Cheryl A. Eifert
United States Magistrate Judge